CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 10 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONIA DAWN LAWHORN, ) | |
| ) | Civil Action No. 7:11CV00376 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | By:  Honorable Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Tonia Dawn Lawhorn, was born on March 12, 1978, and eventually completed the eleventh grade in school. Mrs. Lawhorn has worked as a care giver, fast food manager, harness assembler, packager, and cashier. She last worked in 2007. On February 29, 2008, Mrs. Lawhorn filed an application for a period of disability and disability insurance benefits. Mrs. Lawhorn alleged that she became disabled for all forms of substantial gainful employment on April 1, 2006, due to

major depression, bipolar disorder, anxiety, and panic attacks. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Lawhorn met the insured status requirements of the Act through the third quarter of 2010, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before September 30, 2010. See gen., 42 U.S.C. § 423(a).

Mrs. Lawhorn's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 8, 2010, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Lawhorn suffers from bipolar disorder and generalized anxiety disorder. Because of these problems, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. The Law Judge assessed Mrs. Lawhorn's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). The claimant further has the ability to perform work that is limited to simple, routine repetitive, unskilled tasks; and work that involves no interaction with coworkers and the general public.

(TR 18). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Lawhorn retains sufficient functional capacity to perform several specific work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals

Council. Having exhausted all available administrative remedies, Mrs. Lawhorn has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this matter, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The record reveals that Mrs. Lawhorn suffers from bipolar disorder, generalized anxiety disorder, and a major depressive disorder. It seems that many of plaintiff's problems date back to the death of her first husband in 2000. Since that time, and as might be expected with the nature of her condition, Mrs. Lawhorn has had periods of relatively normal functioning interspersed with periods of severe depression and overall psychiatric dysfunction. Most of her treatment has been provided by Patti Sandoe, a psychiatric nurse practitioner at a local mental health center. Mrs. Lawhorn has also been seen by psychiatrists associated with the mental health center, though none of them has completed a comprehensive and detailed evaluation. On the other hand, Ms. Sandoe has submitted a number of reports over the years indicating that Mrs. Lawhorn is severely impaired, and that she is unable to engage in any work activity on a sustained basis.

The Disability Determination Services arranged for Mrs. Lawhorn to be evaluated by Angelia Berry, a licensed clinical psychologist. Ms. Berry submitted a report on May 19, 2010. The psychologist reviewed Mrs. Lawhorn's medical file and conducted a series of psychological tests. She also conducted a mental status examination. Ms. Berry ultimately diagnosed bipolar II disorder with generalized anxiety disorder. She also noted symptoms consistent with major depressive disorder. As of that day, the psychologist assessed plaintiff's GAF as 58.[1] Ms. Berry also completed a medical source statement of plaintiff's mental ability for work-related activities. Ms. Berry's responses on the form indicate essentially mild to moderate impairments as to a variety of work-related emotional components.

Ms. Sandoe, the psychiatric nurse practitioner, completed a mental impairment questionnaire on October 8, 2010. Ms. Sandoe indicated that plaintiff suffers from marked impairment in terms of her capacity for a number of work-related activities.

The Administrative Law Judge conducted an administrative hearing on October 21, 2010. Mrs. Lawhorn testified at the hearing, as did Dr. Michael Gore, a vocational expert. Mrs. Lawhorn's testimony indicated that she is severely impaired, and that she experiences periods in which she is unable to engage in any reasonable activity. Dr. Gore, the vocational expert, responded to a series of hypothetical questions posed by the Administrative Law Judge and plaintiff's attorney. Stated succinctly, the vocational expert opined that plaintiff could be expected to engage in work activities if she suffers from impairments of the severity noted by Ms. Berry. On the other hand, if plaintiff

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

experiences problems as noted by Nurse Sandoe, the vocational expert opined that Mrs. Lawhorn would be unable to engage in any substantial gainful activity.

In short, this case features a dispute between two mental health specialists, Ms. Berry, a clinical psychologist, and Ms. Sandoe, a psychiatric nurse practitioner. The Administrative Law Judge chose to credit the report from Ms. Berry. The court believes that the Law Judge's assessment of the conflict in the evidence is reasonable, and that the Law Judge's disposition is supported by substantial evidence.

Initially, the court notes that as a licensed clinical psychologist, Ms. Berry ranks higher on the list of acceptable medical sources than does the nurse practitioner. See 20 C.F.R. § 404.1513(a). Indeed, as a general matter, a nurse practitioner's opinion is not considered in determining whether a claimant suffers from a medically determinable impairment. Cf. 20 C.F.R. § 404.1513(a) and (d). In short, while the Law Judge may consider input from a nurse practitioner in assessing the severity of a claimant's condition, the court believes that based on the administratively established hierarchy, the Law Judge might reasonably give greater weight to the opinion of a licensed clinical psychologist.

The court also believes that the practical circumstances of Mrs. Lawhorn's case weigh against a finding of disabling emotional impairment. As noted by the Law Judge (TR 19), the medical record clearly establishes that plaintiff's condition waxes and wanes with some measure of regularity. Indeed, it seems when plaintiff's medication is properly prescribed, and when she is taking her medication as prescribed, Mrs. Lawhorn functions reasonably well. This circumstance is highlighted by the great variance in GAF values assigned in her case. The court believes that the Administrative

5

Law Judge properly determined that Mrs. Lawhorn's treatment history is not suggestive of total disabling emotional impairment.

In a somewhat related context, the court recognizes that Mrs. Lawhorn carried essentially the same diagnoses during many of the later years in which she was still productively employed. Once again, plaintiff has been treated for bipolar disorder, anxiety, and depression since the early 2000s. While the Administrative Law Judge may not have so stated in so many words, the Law Judge's analysis strongly suggests a finding that the medical evidence in this case does not satisfy the duration requirement established under the Social Security Act. Under 42 U.S.C. § 423(d)(1)(A), it is clearly provided that a claimant shall not be deemed to be disabled for purposes of the Act unless the claimant's disabling condition "has lasted or can be expected to last for a continuous period of not less than twelve months." The court agrees that the medical record in this case simply does not support such a finding.

Finally, the court notes that Mrs. Lawhorn's treatment history is not consistent with the level of impairment described by the nurse practitioner. As noted above, Ms. Sandoe opined that plaintiff's impairments result in profound work-related emotional dysfunction. Yet, the medical record does not document such intervention or observations by the case psychiatrist as would be expected in such serious circumstances. Indeed, the court's review of the record indicates that the other mental health providers believe that plaintiff's condition is amenable to reasonable control through appropriate medical and chemical intervention. For all these reasons, the court believes that the Law Judge's resolution of the factual conflicts in this case is supported by substantial evidence.

On appeal, plaintiff emphasizes that Ms. Sandoe has served as her primary treating resource, and that Ms. Sandoe is best situated to comment as to the severity and impact of plaintiff's

psychiatric dysfunction. It is true that under 20 C.F.R. § 404.1527, the governing administrative regulations provide that greater weight should be accorded to opinion evidence from a treating source. However, the court must agree that the Administrative Law Judge did not ignore Ms. Sandoe's opinions, or discount the nurse's observations without giving good reason. The fact that Mrs. Lawhorn has functioned satisfactorily for periods of time is a testament to Ms. Sandoe's good treatment efforts. However, that same circumstance weighs against a finding of total and permanent disability. Thus, the court believes that there is substantial evidence to support the Law Judge's decision to discount the opinions of the treating source in this case. Given this finding of substantial evidence, it follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Lawhorn is free of all anxiety, depression, and psychiatric dysfunction. Indeed, the medical record confirms that plaintiff suffers from a very serious condition which can be expected to result in a variety of emotional symptoms. However, it must again be noted that Mrs. Lawhorn has been successfully treated for periods of time, and that her bipolar disorder has proven subject to control through medication. The court again notes that Mrs. Lawhorn suffered from many of the same problems, and mood swings, during the period in which she was still employed. It must be recognized that the inability to do work without any subjective problems does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. The court believes that the Administrative Law Judge offered sound reasons for her resolution of the factual conflicts. Thus, it follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales</u>, <u>supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 10th day of April, 2012.

/s/ Glen Conrad
Chief United States District Judge